**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOYLE C. BARNETT, | No. 11-16504 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00708-LRH-RAM |
| v. | |
| FIRST PREMIER BANK, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 17, 2012[**]

Before: LEAVY, THOMAS, and SILVERMAN, Circuit Judges.

Doyle C. Barnett appeals pro se from the district court's judgment

dismissing his action arising from the disclosure of his financial information. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim, and for an abuse of discretion the denial of a motion to alter or amend judgment. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir. 2001). We affirm.

The district court properly dismissed Barnett's claims because there is no private right of action under the statutes that defendant was alleged to have violated when it disclosed Barnett's financial information without a warrant, a subpoena, or his consent. *See* 15 U.S.C. §§ 6801, 6805; Nev. Rev. Stat. 239A.190; *Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (no abuse of discretion in denying leave to amend where amendment would be futile).

The district court did not abuse its discretion in denying Barnett's motion to alter or amend judgment because he failed to establish grounds for such relief. *See Zimmerman*, 255 F.3d at 740 (affirming denial of Fed. R. Civ. P. 59(e) motion absent a showing that there was newly discovered evidence, an intervening change in controlling law, clear error, or manifest injustice).

Barnett's remaining contentions, including those regarding alleged due process violations, are unpersuasive.

Issues listed in Barnett's opening brief that are not supported by argument, including with respect to the Fair Credit Reporting Act, are deemed abandoned. *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 (9th Cir. 1993).

Barnett's request for judicial notice is granted.

**AFFIRMED.**